# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SANDRA TORRES and )
GERARDO ESCOBEDO, )
       )
       )
      Plaintiffs )
       ) C.A. No. N21C-06-202 FWW
      v. )
       )
STANLEY STEIN, )
       )
      Defendant. )

Submitted: January 27, 2023
Decided: March 1, 2023

*Upon Defendant Stanley Stein's Motion to Limit the Testimony of Plaintiffs'
Expert, Dr. Jack Norsworthy*
**GRANTED.**

*Upon Defendant Stanley Stein's Motion to Exclude Testimony Regarding Future
Medical Care and Costs*
**GRANTED.**

## ORDER

Tabatha L. Castro, Esquire, THE CASTRO FIRM, INC., 200 Continental Drive, Suite 401, Newark, Delaware 19713, Attorney for Plaintiffs Sandra Torres and Gerardo Escobedo.

Robert T. Graney, Esquire, LAW OFFICES OF COBB & LOGULLO, 3 Mill Road, Suite 301, Wilmington, Delaware 19806, Attorney for Defendant Stanley Stein.

**WHARTON, J.**

This 1st day of March, 2023, upon consideration of Defendant Stanley Stein's ("Stein") Motion to Limit Expert the Testimony of Plaintiff's Expert, Dr. Jack Norsworthy and Motion to Exclude Testimony of Future Medical Care and Costs, the Responses of Plaintiffs Sandra Torres ("Torres") and Gerardo Escobedo ("Escobedo") (collectively "Plaintiffs), and the record in this case, it appears to the Court that:

1.      On October 14, 2019, Torres was injured in a vehicle-on-pedestrian accident.[1]  She was transported via ambulance to the hospital where she presented with pain to her left forearm.[2]  She "denie[d] radiation of the pain [and] … injury elsewhere."[3]  The emergency department doctor's final impression was that Torres had a "[c]ontusion of left forearm[.]"[4]

2.      On October 28, 2019, chiropractor Dr. Jack Norsworthy ("Dr. Norsworthy") evaluated Torres.[5]  He referred her for a non-contrast MRI of her

---

[1] Compl., D.I. 1 ("Compl."). The Complaint was originally filed in the Court of Common Pleas but was transferred to this Court in June 2021. *Id.*
[2] ED Physician Record, Mot. to Limit the Testimony of Pl.'s Expert, Dr. Jack Norsworthy ("MiL Dr. Norsworthy"), Ex. E, D.I. 19.
[3] *Id.*
[4] *Id.*
[5] Dr. Norsworthy Report at 1, MiL Dr. Norsworthy, Ex. A, D.I. 19. The Report is also docketed as Ex. A, D.I. 20. For simplicity, the Court refers to the document as "The Report, Ex. A, D.I. 19, 20."

cervical spine which detected a "bulging disc … impinging on the thecal sac" at C5-C6.[6] The parties agree that the injury predates the accident.[7]

3.     Since the accident, Torres reported a worsening and expansion of symptoms from pain only to her left hand, to pain in her head, neck, upper back, and shoulder.[8] She brings this action against Stein seeking compensation and damages for her injuries.[9] Torres' husband, Escobedo, is seeking compensation for loss of consortium.[10]

4.     Before the Court are Stein's two motions in *limine*. Both concern the substance and scope of Dr. Norsworthy's proffered expert testimony. The Court addresses each motion in turn.

5.     **Motion to Limit the Testimony of Plaintiff's Expert, Dr. Jack Norsworthy.** Stein asks the Court to "preclud[e] testimony and evidence at trial regarding any causal relationship between the incident at issue and Plaintiff Sandra Torres' degenerative disc disease."[11] He argues that Dr. Norsworthy's proffered testimony does not satisfy the requirements for admission under D.R.E. 702 or

---

[6] MRI Results, MiL Dr. Norsworthy, Ex. F, D.I. 19.
[7] MiL Dr. Norsworthy, D.I. 19 at ⁋ 7; *see* The Report, Ex. A, D.I. 19, 20 at 9–10.
[8] The Report, Ex. A, D.I. 19, 20 at 1, 11.
[9] Compl., D.I. 1 at ⁋⁋ 12–15.
[10] *Id.* at ⁋⁋ 16–20.
[11] MiL Dr. Norsworthy, D.I. 19 at 1.

2

*Daubert*[12] and its progeny.[13]  Stein also claims that "Dr. Norsworthy's report demonstrates a fundamental misunderstanding of the facts of the incident at hand[,]"[14] that the publication upon which he relied  (the García-Cosamalón, *et al.* article)[15] does not address the relevant issue here, which is "how trauma to one part of the body can either injure a healthy disc or aggravate a degenerated disc."[16] Further, he points out discrepancies between Dr. Norsworthy's report and the MRI.[17] Finally, he argues that Dr. Norsworthy's opinion on causation is "neither relevant nor reliable, and will serve to confuse and mislead the jury."[18]

6.    Plaintiffs' Response is unhelpful, both in form and in substance. Instead of engaging Stein's arguments, the Response either admits or denies the statements in the numbered paragraphs of the motion as if answering a complaint. As to the three paragraphs the Plaintiffs deny, they add the following "argument" to each paragraph:

> By way of further answer, Dr. Norsworthy is an expert in his field and his conclusions are subject to cross-examination.  Defendant has had the opportunity to depose

---

[12] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).
[13] MiL Dr. Norsworthy *passim*, D.I. 19.
[14] *Id.* at ¶7.
[15] José García-Cosamalón, *et al.*, *Intervertebral Disc, Sensory Nerves and Neurotrophins: Who is Who in Discogenic Pain?*, 217 J. ANATOMY 1 (2010), MiL Dr. Norsworthy, Ex. B, D.I. 19.
[16] MiL Dr. Norsworthy, D.I. 19 at ℙ 7.
[17] *Id.* at ¶8.  He alleges that Dr. Norsworthy unjustifiably leaps from the C5-C6 findings to arthritic changes. *Id.*
[18] *Id.* at ℙ 9.

3

Dr. Norsworthy before trial, and again, will have the opportunity to cross-examine him at trial regarding his conclusions. Defendant also has the opportunity to retain his own expert so as to rebut any conclusions by Dr. Norsworthy and/or to examine Ms. Torres him/herself.[19]

7. The admissibility of expert testimony is governed by D.R.E. 702 which provides that an expert may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[20]

8. Since Delaware is a *Daubert* state,[21] a trial judge must go through a five-step procedure to determine admissibility, deciding whether:

> (1) the witness is 'qualified as an expert by knowledge, skill experience, training or education';
> (2) the evidence is relevant and reliable;
> (3) the expert's opinion is based upon information 'reasonably relied upon by experts in the particular field';
> (4) the expert testimony will 'assist the trier of fact to understand the evidence or to determine a fact in issue;' and
> (5) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[22]

---

[19] Resp. to Mot. to Limit the Testimony of Pl.'s Expert, Dr. Jack Norsworthy ("Resp. to MiL Dr. Norsworthy") at ¶¶ 7–9, D.I. 23.

[20] D.R.E 702.

[21] *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 522 (Del. 1999).

[22] *Eskin v. Carden*, 842 A.2d 1222, 1227 (Del. 2004) (quoting *Cunningham v. McDonald*, 689 A.2d 1190, 1193 (Del. 1997)).

4

The burden is on the proponent of the proffered expert testimony to meet each of the above elements by a preponderance of the evidence.[23]

9. When a proffered expert opinion "is not based upon an understanding of the fundamental facts of the case, … it can provide no assistance to the jury and such testimony must be excluded."[24] Relatedly, the Court need not "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."[25]

10. Delaware law allows chiropractors to give their opinions on causation[26] and permanency.[27] However, admission of such testimony is not guaranteed; findings must be "offered to a reasonable degree of chiropractic certainty" and the proper foundation must be laid.[28] The Court must, as gatekeeper, "evaluate each chiropractor's competency to testify as to causation on a case-by-case basis in

---

[23] *Bowen v. E.I. DuPont de Nemours & Co., Inc.*, 906 A.2d 787, 795 (Del. 2006) (citations omitted); *Minner v. Am. Mortg. & Guar. Co.*, 791 A.2d 826, 843 (Del. Super. Ct. 2000) (citations omitted).

[24] *Perry v. Berkley*, 996 A.2d 1262, 1271 (Del. 2010)(citations omitted).

[25] *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)(citations omitted).

[26] 24 *Del. C.* §717(a).

[27] 24 *Del. C.* §717(b).

[28] 24 *Del. C.* § 717(a) & (b) (West 2003).

accordance with the standards under Delaware Rule of Evidence 702, and *Daubert* and its progeny."[29]

11.     Dr. Norsworthy's standing as a licensed chiropractor is not disputed. The problem for Plaintiffs is that the Court has nothing before it to establish that he is competent to serve as an expert in *this* case.  In his motion, Stein raises an array of concerns on this issue.  Plaintiffs, however, fail to address any of them.  For example, they do not describe what experience Dr. Norsworthy has that would allow him to opine about causation in an automobile accident, nor do they provide a meaningful explanation as to how a seemingly minor car accident where Torres' forearm was injured resulted in permanent injury to her back.

12.     Dr. Norsworthy attempts to rely on the García-Cosamalón, *et al.* article to conclude that Torres' injury from the accident caused her to experience permanent spinal injury.  He summarized the article's pertinent finding as "in healthy discs that are injured, the accelerated degenerative process has long term consequences, as the disc will degenerate faster and acquire additional nerve fibers."[30]  As applied to Torres, he claimed that her injury caused "an inflammatory response … exacerbating the pain in the previously degenerated disc and causing pain in the previously

---

[29] *Charles v. Lizer*, 2003 WL 21783362 at *2 (Del. Super. Ct. July 23, 2003) (internal citations omitted).
[30] The Report, Ex. A, at 10, D.I. 19, 20.

6

asymptomatic degenerative disc."[31] However, despite presenting the results from an array of tests,[32] Dr. Norsworthy does not explain how he arrived at this conclusion. He also fails to present any information on the tests' reliability, validity, or use within the profession. Further, when given the opportunity to respond to Stein's motion, Plaintiffs fail to present any argument addressing any of these concerns.[33]

13. The burden of establishing the requisite level of expertise, sufficiency of supporting data, reliability of the methodology, and explaining how the testimony would help the trier of fact is borne entirely by the tendering party.[34] Plaintiffs cannot punt away their burden by arguing that depositions, cross-examination, and retention of a rebuttal expert somehow frees her from this burden. Without these important pieces of information, the report is simply Dr. Norsworthy's *ipse dixit*. The Court has nothing to bridge the gap between the data and his proffered opinions. Since Plaintiffs fail to meet their burden on every element, the Court, in exercising its gatekeeping role, excludes Dr. Norsworthy's testimony on causation.

14. **Motion to Exclude Testimony Regarding Future Medical Care and Costs.** Stein asks the Court to preclude Dr. Norsworthy from testifying about

---

[31] *Id.*

[32] *Id. passim*.

[33] Plaintiffs did not even provide the Court with Dr. Norsworthy *curriculum vitae*.

[34] *Bowen*, 906 A.2d at 795 (citations omitted); *Minner*, 791 A.2d at 843 (citations omitted).

Torres' need for future treatment and any associated costs of that treatment.[35]  In support of that request, he points to discrepancies between Torres' and Dr. Norsworthy's statements about treatment frequency,[36] claims that testimony on these topics would "not only mislead the jury, but would result in confusion,"[37] and emphasizes that the testimony would be speculative and neither relevant nor reliable.[38]  Plaintiffs' Response again takes the form of an answer to a complaint, admitting, admitting in part, denying in part, denying as stated, and denying the numbered paragraphs of the motion.  They add brief statements to the paragraphs they do not admit.  But, those statements do not address Stein's arguments in any meaningful, substantive way.[39]  They only add that Torres has been unable to receive further treatment due to an inability to pay for it.[40]

15.    For Dr. Norsworthy to provide an expert opinion that Torres requires ongoing care due to injuries she claims to have sustained in the accident, Plaintiffs must present expert testimony connecting the accident to the injuries for which she seeks future treatment.  Without such a causal connection between the accident and the treatment, testimony about future treatment and its costs is irrelevant.  Since the

---

[35] Mot. to Exclude Testimony Regarding Future Medical Care and Costs, D.I. 20.
[36] *Id.* at ¶ 8.
[37] *Id.* at ¶ 10.
[38] *Id.* at ¶ 9.
[39] Pl.'s Resp. to Def.'s Mot. to Exclude Testimony Regarding Future Medical Care and Cost, D.I. 22.
[40] *Id.* at ¶¶ 3, 8.

Court has excluded Dr. Norseworthy's testimony on causation, Plaintiffs cannot establish such a connection. Accordingly, the Court excludes testimony from Dr. Norsworthy regarding future medical care and costs.

**THEREFORE**, Defendant Stanley Stein's Motion to Limit the Testimony of Plaintiffs' Expert, Dr. Jack Norsworthy and Motion to exclude Testimony Regarding Future Medical Care and Costs are **GRANTED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.
